### DAVID BANNINGS, ET AL., *v.* SUSAN E. HAYS, ET AL.

**Appellate Procedure.**
> One appellee cannot prosecute a cross-appeal against another, and the attempted cross-appeal will be dismissed.

**Contract of Lunatic.**
> The contract of a lunatic whether express or implied will be upheld when not tainted with fraud and when it results to his benefit and advantage.

#### APPEAL FROM KENTON CHANCERY COURT.

January 13, 1877.

OPINION BY JUDGE LINDSAY:

Sanderson & wife are co-appellees with Mrs. Hays. One appellee cannot prosecute a cross-appeal against another. Hence, as the Sandersons have not sued out nor prosecuted an original appeal, no inquiry can now be made as to whether or not they have any right to relief. The cross-appeal attempted to be taken is dismissed.

We do not see that Mrs. Lawson has any ground to complain that the amount, with interest, received by the Sandersons from the railroad company, is charged against them, and then carried back as a charge against the previous warrants. It may be true that Mrs. Hays cannot legally ratify the transaction between the Sandersons and the railroad company, on account of her mental disability; but if the money be paid to her under the judgment, it will estop her from afterwards suing the company, unless she restores the sum thus collected. The payment being plainly and palpably for her benefit, it is doubtful whether she can avoid the effect of her acceptance of the money, although she is a lunatic. The contracts of such persons, whether express or implied, will be upheld when not tainted with fraud, and when they result to their advantage.

The pleadings in these cases have been very irregularly made up, but they are not so defective as to prevent the chancellor from settling now all the questions involved. The Sandersons having been evicted from all the tract of land not in the possession of the railroad company, and having been compelled to account for the price theretofore received from the company, have the right to a judgment against their warrantor, Mrs. Lawson, for the amounts paid to her, with simple interest from the date of each payment up to the time of the final judgment, and then for interest on that sum until paid.

Mrs. Lawson is entitled to a judgment against her warrantors, the Bannings, for the amount of the payments made by her to them, with interest from their respective dates, until the final judgment, provided it shall require the full amounts thereof to indemnify her against the judgment of the Sandersons. If it does not require the full amount, then the Bannings can only be required to answer to her for a sum sufficient to indemnify her. The aggregate of such payment should bear interest from its date. It does not appear that the Bannings were at any time in the actual possession of the land. They cannot therefore be required to pay Mrs. Hay's rents.

Wherefore, upon the appeal of the Bannings, the judgments

against them in favor of Mrs. Hays and Mrs. Lawson are *reversed,* and the cause remanded for a judgment conforming to this opinion.

*T. F. Hallam, J. G. Carlisle, for appellants.*

*Pryor & Chambers, for appellees.*